UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-00485-JLS-KES            Date: March 30, 2020
Title: Arete Estee, LLC v. Kyung Ji Kim et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                      Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2019-01101869-CL-UD-HNB

      Plaintiff Arete Estee, LLC filed this unlawful detainer action against Defendants Kyung Ji Kim and Kim Cantrell on October 2, 2019 in Orange County Superior Court. (*See* Compl., Ex. A to Notice of Removal, Doc. 1.) Defendant Kyung Ji Kim removed the case to this Court on March 10, 2020 under the civil-rights removal statute, 28 U.S.C. § 1443. (Notice of Removal, Doc. 1 ¶¶ 1–7.) Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and it has the discretion to do so *sua sponte*. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)). For the reasons discussed below, the Court *sua sponte* REMANDS this case to Orange County Superior Court.

      When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and bracket omitted). Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

      Defendant argues for civil rights removal but fails to show that removal under Section 1443 is appropriate because he makes no "reference to a [California] state statute

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00485-JLS-KES | Date: March 30, 2020 |
| Title: Arete Estee, LLC v. Kyung Ji Kim et al. | |

or a constitutional provision that purports to command the state courts to ignore [his] federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see also Georgia v. Rachel*, 384 U.S. 780, 788 (1966). Although Defendant alleges that his "rights guaranteed by 42 U.S.C. §§§ [sic] 1981, 1982 and 1983 [and] the First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the [C]onstitution are being directly and systematically impaired and infringed" by the "Superior Courts of Orange, and of California generally" (Notice of Removal ¶¶ 1, 3), Defendant fails to assert how any state statute or constitutional provision *commands* the state courts to ignore his federal rights.

For the foregoing reasons, therefore, the Court concludes that it lacks subject-matter jurisdiction over this case and REMANDS it to Orange County Superior Court, Case No. 30-2019-01101869-CL-UD-HNB.

Initials of Preparer: tg